Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3247 | **DATE** | 9/30/2011 |
| **CASE TITLE** | Network Holdings, Inc. vs. Amcore Investment Grp. N.A. | | |

**DOCKET ENTRY TEXT**

Defendant Amcore Investment Group N.A.'s motion for summary judgment [14] and Plaintiffs' motion for summary judgment [18] are denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

The cross-motions for summary judgment are denied without prejudice due to, *inter alia*, the parties' utter failure to comply with the local rules, this court's case management packet, and this court's standing order on motions for summary judgment. The parties include impermissible argument in their Local Rule 56.1(a)(3) statement or Local Rule 56.1(b)(3) statement. *See* Standing Order Regarding Mots. for Summ. J. at 1-3 ("[A]rgument masquerading as fact will not be considered by the court."). The parties also include multiple factual statements in the individual paragraphs of their statements of fact, and fail to provide specific citations to the record to support their factual assertions. *Id.* at 1-2; L.R. 56.1. Further, Amcore in particular fails to support its arguments with citations to pertinent legal authority or to pinpoint with any accuracy the portions of the opinions upon which it relies (*see* Case Management Packet at 5); Amcore also relies heavily upon the deposition of McElwain, but did not bother to provide the court with the transcript.

Moreover, by virtue of their adversarial failings and inter-party agreements, the parties have created an inscrutable record. The parties do not furnish the court with the most important part of a legal argument on summary judgment: the elements of the parties' various claims. Surprisingly, the parties apparently reached an agreement to recycle pleadings they had prepared for the state court in Lake County, (*see* Pls.' Mem. in Supp. of Mot. for Summ. J. at n.1, ECF No. 20) thereby burdening this court with arguments and facts relating to parties that had already been dismissed or based on inapplicable Illinois state law. Not only that, the parties fail to provide the court with records that would permit the court to understand or evaluate the procedural posture of this case. For instance, the court is only provided with a brief, handwritten order from the state court (*see* ECF No. 16-12); the court was not provided with a transcript to indicate precisely what that order was intended to encapsulate, nor was it provided with the motions on which the state court ruled. The parties also repeatedly reference what "this court" had decided—referencing the state court order—and treat it as binding, while simultaneously asking this court to make rulings that appear to be inconsistent with or precluded by that earlier ruling. But the parties do not request reconsideration; instead, McElwain and Network Holdings tell us that they

| STATEMENT |
|---|
| plan to "appeal" the prior ruling. Asking this court to rule *around* some other judge's unexplained ruling, which is closely related (or perhaps even identical) to the issues raised here, and telling this court that those rulings can be addressed "on appeal" frustrates any attempt by this court to (1) properly apply any pertinent principles of issue preclusion, and (2) issue a ruling appropriate for a federal appeal.<br><br>From the reams of paper that have been filed, this case appears to be extremely complex. Moreover, this court's workload is immense. The court has spent all the time and effort it intends to spend reading briefs prepared for a court of another jurisdiction and attempting to decipher that court's critical, but inadequately explained, ruling. While the parties may re-file their motions if they wish, they are on notice: anything filed in this case must be prepared for a federal court, must comply with local lules and this court's standing order, and must make clear what has previously been decided and whether the parties wish that ruling to stand (in which case some explanation of the basis for the decision should be included) or wish it to be reconsidered. |

| | Courtroom Deputy Initials: | RJ/JKF |
|---|---|---|